## WILCOX *v.* KENDALL.

A clause in a deed reserving the right to take from a cistern in the house on the granted premises " all the water which the grantee, his heirs or assigns, shall not use," means only so much of the water as may not be used by the occupants in a reasonable enjoyment of the premises conveyed.

BILL IN EQUITY, praying that the right of the plaintiff to take water from a cistern in the defendant's house be defined, and for an injunction to restrain the defendant from interfering with the exercise of that right.    Facts found by a referee.

Anson Cole formerly owned the premises of both the plaintiff and the defendant, which lie adjacent.    In 1859 Cole conveyed the defendant's premises, called the Kendall place, to one Sabin, reserving " the right to take from the cistern in the house on the granted premises by aqueduct all the water which said grantee shall not use."    In 1873 Sabin conveyed the premises to the defendant, inserting in his deed a reservation in the same language " for the benefit of Anson Cole or his heirs or assigns."    Nov. 6, 1880, Cole conveyed the plaintiff's premises, called the store lot, to one Barker, and Barker on the same day conveyed them to the plaintiff.    No mention is made of any water right in either of the last named deeds.    The defendant's use of the water at the Kendall place has been reasonable.

*D. H. Woodward* and *Lane & Dole*, for the plaintiff.

*Batchelder & Faulkner*, for the defendant.

BLODGETT, J.    The plaintiff's title being derived from Cole, if he has the right to take water from the defendant's cistern (a point on which no opinion is expressed), it can, at most, be no greater than that reserved to Cole in his prior conveyance to Sabin, which in legal contemplation was only so much of the water as might not be used by the occupants of the place conveyed in the reasonable enjoyment of the premises.    Hence the finding of fact by the referee, that the defendant's use of the water has been a reasonable one, makes it obvious that the plaintiff's alleged cause of complaint is unfounded.    Furthermore, it is not found, nor does it appear, that the quantity of water used or appropriated by the defendant has been increased since the plaintiff's ownership of the store lot, and therefore the changes in the manner of its use are immaterial.

*Bill dismissed.*

CARPENTER, J., did not sit: the others concurred.